**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Galen H., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:21-cv-50397 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| *Defendant.* | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Galen H. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his application for supplemental security income.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

In May 2019, Plaintiff filed an application for supplemental security income, alleging a disability beginning on February 1, 2006, because of fibromyalgia, psoriatic arthritis, chronic migraines, and back pain noting that he previously had a lumbar discectomy and fusion. R. 212, 255.[3] Plaintiff stopped working on his alleged onset date because he went to prison,[4] but he asserted that his conditions would have stopped him from working as of January 2008. R. 255. Plaintiff was 51 years old at the time he filed his application.

Following a hearing, an administrative law judge ("ALJ") issued a decision in March 2021, finding that Plaintiff was not disabled. R. 21–31. The ALJ found that Plaintiff had the following severe impairments: generalized pustular psoriasis; psoriatic spondyloarthritis; degenerative joint disease of the cervical and lumbar spine; headaches; and history of neurogenic claudication. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions. The ALJ determined that Plaintiff had no past relevant work, but

---

[1] Martin J. O'Malley resigned as Commissioner of the Social Security Administration on November 29, 2024, and Carolyn W. Colvin has taken over as Acting Commissioner. Carolyn W. Colvin is substituted for Martin J. O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 5.

[3] Plaintiff previously received an unfavorable decision finding him not disabled from his alleged onset date through November 2018, and the ALJ found no basis to reopen his prior applications. R. 21–22. Additionally, Plaintiff's date last insured for disability insurance benefits was in December 2007. *Id.*

[4] Plaintiff was in prison from 2006 until August 2018. R. 52–53.

that there were other jobs that existed in significant numbers in the national economy that he could perform, namely light, unskilled jobs.

After the Appeals Council denied Plaintiff's request for review on September 7, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); s*ee also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## III. Discussion

Plaintiff challenges the ALJ's decision, arguing that the ALJ: (1) improperly rejected the opinion of his treating physician; and (2) improperly evaluated his subjective symptoms. As detailed below, the Court finds that the ALJ's decision is supported by substantial evidence.

## A. Treating Physician Opinion

Plaintiff argues that the ALJ improperly discounted the opinion from his treating rheumatologist, Dr. Stephen Kozlowski. Specifically, Plaintiff argues that the ALJ failed to provide a meaningful discussion of the objective evidence Dr. Kozlowski relied on to support his opinion and that the limitations Dr. Kozlowski proposed were consistent with the evidence in the record.

The Commissioner responds that the ALJ properly considered the relevant evidence and reasonably determined that Dr. Kozlowski's opinion was internally inconsistent, unsupported by

2

his own treatment notes, and inconsistent with the evidence in the record. Notably, Plaintiff has failed to file a reply brief in this case, despite filing a response to Defendant's notice of supplemental authority. *See* Dkt. 24. Plaintiff's failure to respond to the Commissioner's arguments constitutes forfeiture. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in waiver). Nevertheless, even addressing Plaintiff's arguments, the Court finds no error in the ALJ's evaluation of Dr. Kozlowski's opinion.

Because Plaintiff's claim was filed after March 27, 2017, the ALJ was required to evaluate Dr. Kozlowski's opinion under the regulations set out in 20 C.F.R. § 416.920c. Under these regulations, the ALJ evaluates the persuasiveness of all medical opinions using the following factors: supportability, consistency, relationship with the claimant, specialization, and any other factors which tend to support or contradict the medical opinion. 20 C.F.R. § 416.920c(c). Supportability and consistency are the most important factors to be considered in evaluating how persuasive an ALJ finds a medical source's medical opinions, and as a result, an ALJ must discuss how they considered those factors. 20 C.F.R. § 416.920c(b)(2); *see also Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022).

For a medical opinion to be supportable, it must be based on "the objective medical evidence and supporting explanations." 20 C.F.R. § 416.920c(c)(1). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* For an opinion to be consistent, it must be consistent with the record. 20 C.F.R. § 416.920c(c)(2). "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

On April 19, 2019, Dr. Kozlowski submitted an arthritis impairment questionnaire relating to Plaintiff's impairments. R. 617–24. Dr. Kozlowski noted that he began treating Plaintiff on October 5, 2018 and had most recently examined Plaintiff on March 1, 2019. He listed Plaintiff's diagnoses as: generalized pustular psoriasis, psoriatic spondyloarthritis, and severe dorsolumbar degenerative disc disease. Dr. Kozlowski identified that Plaintiff's treatment included medications and a home exercise program. Dr. Kozlowski described Plaintiff's pain in his low back, shoulders, hands, hips, and knees as "constant." R. 620. Dr. Kozlowski opined that Plaintiff could not prepare meals, but he could travel to medical visits, take care of his personal hygiene, and sort and handle paper. He also found that Plaintiff required the use of a cane for standing and walking and a walker "as needed." R. 620. Dr. Kozlowski found that Plaintiff could sit for a total of 2 hours in an 8-hour workday if he were allowed to stand and stretch every 15-30 minutes and could stand and/or walk for less than an hour in an 8-hour workday. Plaintiff could occasionally lift and carry up to 5 pounds. Dr. Kozlowski found that Plaintiff did not have significant limitations in reaching, handling, or fingering, but he limited Plaintiff to only occasional grasping, fine manipulations, and reaching. Dr. Kozlowski also opined that Plaintiff would be absent from work more than 3 times a month as a result of his impairments.

The ALJ found Dr. Kozlowski's opinion "not persuasive because, despite the provider's specialty and treating relationship with the claimant, they greatly overstate the claimant's limitations and are not consistent with the available medical evidence discussed above, including evidence from rheumatology visits." R. 29. The ALJ reiterated that Plaintiff's "examinations have overall been within normal limits albeit with some reports of pain with range of motion which has been considered with the functional limits in the residual functional capacity." R. 29. The ALJ also found the opinion internally inconsistent, noting that despite finding that Plaintiff had no significant limitations with reaching, handling, or fingering, Dr. Kozlowski limited Plaintiff to only occasional gross and fine manipulation and reaching. The ALJ further found Dr. Kozlowski's opinion on the need for an assistive device unsupported where neither Dr. Kozlowski's treatment notes nor other treatment visits reflected Plaintiff's use of an assistive device.

Plaintiff disagrees with the ALJ's evaluation, arguing that the ALJ failed to provide a meaningful discussion of the objective evidence Dr. Kozlowski relied on to support his opinion. Contrary to Plaintiff's argument, the ALJ did evaluate the objective evidence Dr. Kozlowski relied on to support his opinion but still disagreed that these findings supported such debilitating limitations.

Dr. Kozlowski listed the following clinical findings that supported his diagnoses: limited range of motion and joint tenderness in the hips, knees, lumbar spine, sacroiliac joint, and hands; joint swelling in the hands; joint instability in the knees with crepitus; muscle spasm in the dorsolumbar paraspinal; muscle weakness in the hips and knees; trigger points in the dorsolumbar paraspinal; decreased grip strength in both hands; positive straight leg raising tests; and antalgic, stiff, and slow gait. R. 617–18. In the portion of the form asking Dr. Kozlowski to identify laboratory or imaging results he relied on in support, he stated: "Xrays done elsewhere. See lab result copies." R. 619. Although Dr. Kozlowski listed this objective evidence, he did not cite to or identify any records that contained these clinical findings.

Nevertheless, the ALJ specifically cited to Dr. Kozlowski's most recent examination in March 2019, where he reported that Plaintiff's psoriasis was well controlled with medication, his joint pain was mild, and he was negative for back pain, neck pain, falls, and headaches. *See* R. 29 (citing R. 1232). The ALJ also addressed Plaintiff's rheumatology visits following Dr. Kozlowski's April 2019 opinion. The ALJ addressed Plaintiff's September 25, 2019 visit, where Plaintiff reported joint pain all over and a flare in psoriasis, but the examination revealed no back pain, normal range of motion, and no synovitis or pain in the hands, arms, legs, ankles, or feet. *See* R. 28 (citing R. 1008–10). The ALJ noted that at Plaintiff's October 23, 2019 rheumatology visit, Plaintiff was informed that his recent cervical MRI showed some degenerative disc disease with "borderline" foraminal stenosis that was not considered to be "worrisome" and that surgery was likely not necessary. R. 28 (citing R. 1168). It was recommended that Plaintiff try physical therapy or continue with medication management. *Id.* (citing R. 1169). The ALJ further noted that at rheumatology visits in December 2019 and May 2020, Plaintiff showed "significant improvement" in his psoriasis since starting Humira and that, despite complaints of back and neck pain, his musculoskeletal examinations were unremarkable with a normal range of motion and no synovitis or pain in the hands, arms, legs, ankles, or feet. R. 28 (citing R. 1114, 1150–52).

4

Plaintiff makes no mention of the ALJ's discussion of his rheumatology records. Instead, Plaintiff focuses on "the extensive lesions found throughout his body," Pl.'s Mt. at 9–10, Dkt. 14, but Plaintiff does not address that his last rheumatology visit in the record from May 2020 reported that his psoriasis covered less than 5% of his body. *See* R. 1114. Plaintiff also points to Dr. Kozlowski's treatment records from October 5 and October 29, 2018, showing joint pain, swelling, and tenderness in the hands, feet, and back. Pl.'s Mt. at 10 (citing R. 654, 771). However, the October 29, 2018 examination also revealed that despite these findings, Plaintiff maintained normal range of motion with no active synovitis. R. 771. And this was after Plaintiff had stopped taking all his medications in September 2018 due to improved symptoms and only started retaking his medications in early October 2018. *See* R. 594 (10/17/2018 visit: "At last visit patient had stopped all of his meds but is now taking them again); *see also* R. 597.

Plaintiff also does not identify the x-ray findings that Dr. Kozlowski relied on to support his opinion. Instead, Plaintiff points to a cervical x-ray from September 2019 and a cervical MRI from October 2019 that were taken after Dr. Kozlowski's April 2019 opinion. As stated above, the ALJ specifically considered Plaintiff's October 2019 MRI, noting that the findings were not considered worrisome. *See* R. 28. Moreover, Plaintiff cites this imaging to argue that his "degenerative arthritis is confirmed by spinal imaging studies." Pl.'s Mt. at 10, Dkt. 14. But Plaintiff's diagnoses are not disputed. The ALJ found that Plaintiff suffered from severe psoriatic spondyloarthritis and degenerative joint disease of the cervical and lumbar spine. Nevertheless, diagnoses do not automatically equate to functional limitations caused by those impairments. *See Weaver v. Berryhill*, 746 Fed. App'x 574, 578–79 (7th Cir. 2018) (unpublished) (having been diagnosed with certain "impairments does not mean that they imposed particular restrictions on [the claimant's] ability to work").

In light of the ALJ's review of Plaintiff's rheumatology treatment records, it was reasonable for the ALJ to discount Dr. Kozlowski's opinion for lack of support. Although Dr. Kozlowski listed numerous clinical findings that he relied on, his opinion is not fully supported or explained by his treatment records. For example, Dr. Kozlowski cites to Plaintiff's limited range of motion, but Plaintiff's rheumatology examinations reveal that Plaintiff's range of motion remained intact. *See, e.g.*, R. 771, 1114, 1152. Dr. Kozlowski also cited to Plaintiff's joint instability in the knees with crepitus. However, the only mention of crepitus is from Plaintiff's October 2018 examination where Dr. Kozlowski noted that it was mild, R. 771, and Plaintiff's most recent examination in the record from May 2020 revealed no synovitis, pain, or impaired range of motion in his knees. R. 1114. Additionally, although Dr. Kozlowski cites to Plaintiff's positive straight leg raising tests and antalgic gait, the Court is unable to find mention of these findings in Plaintiff's rheumatology treatment records.

Plaintiff goes on to argue that the ALJ also erred in discounting Dr. Kozlowski's opinion because his proposed limitations were consistent with the other evidence in the record. Plaintiff points to his July 29, 2019 consultative examination, which revealed reduced range of motion, positive straight leg raising tests, mild joint swelling of the ankles and hands, power of 4/5 in the left ankle, reduced sensation in the forearms and left leg/foot, and tenderness in the shoulders, neck, and spine. R. 988–93. However, Plaintiff does not acknowledge that both the state agency reviewing physicians and the ALJ, who partially relied on the state agency physicians' opinions when formulating the RFC, specifically cited to Plaintiff's pain and reduced range of motion when

5

limiting Plaintiff to light exertional work with reduced postural limitations. *See* R. 29, 107, 119. Additionally, the state agency reviewing physicians and the ALJ also cited the consultative examiner's findings that Plaintiff's gait was normal and unassisted, he had no deficits in using his hands, and he had normal strength throughout his body except in his left ankle to support the RFC limitations. *See* R. 28, 106, 119. Plaintiff also reported to the consultative examiner that he could walk 200 feet on level ground unassisted. R. 28 (citing R. 987). Despite these findings, Dr. Kozlowski opined that Plaintiff required the use of a cane or walker to stand and walk and could only occasionally use his hands for gross and fine manipulation and reaching. Plaintiff also points to a February 27, 2020 physical therapy evaluation where Plaintiff's gait was described as stiff and antalgic, R. 1038, but as the ALJ noted, Plaintiff's neurosurgery evaluation earlier that month revealed that Plaintiff had grossly full strength, except for elbow extension, grossly normal coordination, and a normal gait. R. 28 (citing R. 1074).

Lastly, Plaintiff briefly argues that the ALJ should not have credited the state agency reviewing physicians' opinions over those of Dr. Kozlowski because they only reviewed records through September 2019. Plaintiff makes the cursory argument that evidence submitted after the state agency physicians rendered their opinions in August 2019 and February 2020 "might" make those opinions more or less persuasive. Pl.'s Mt. at 11, Dkt. 14. Yet, Plaintiff does not point to what evidence would have changed the state agency physicians' opinions. *See Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018), *as amended on reh'g* (Apr. 13, 2018) ("An ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion."). Moreover, Plaintiff's last physical examination in the record is from May 2020, Plaintiff testified that he had not seen his doctor for his back since approximately February 2020, and his attorney told the ALJ that Plaintiff was "no longer treating" at the time of the hearing. R. 48. Accordingly, such an undeveloped and conclusory argument is deemed forfeited. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (finding perfunctory and undeveloped arguments forfeited). Additionally, as the Commissioner points out, Plaintiff takes issue with the date of the state agency physicians' opinions but does not acknowledge that Dr. Kozlowski's opinion was rendered in April 2019.

For all these reasons, Plaintiff has not shown that the ALJ erred in discounting Dr. Kozlowski's opinion.

## B. Subjective Symptoms

Plaintiff also argues that the ALJ failed to properly analyze his subjective symptoms. For the reasons stated below, Plaintiff has not shown that the ALJ's analysis is patently wrong.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 416.929(c); Social Security Ruling 16-3p, 2017 WL 5180304, at *5–8. "An ALJ need not discuss every detail in the record as it relates to every factor," but "an ALJ may not ignore an entire line of evidence contrary to [their] ruling." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Id.* at 1279. An ALJ's assessment is patently

wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all of the ALJ's reasons must be valid in a subjective symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished) (emphasis in original).

Here, the ALJ's evaluation of Plaintiff's symptoms was adequately supported with evidence and explanation. While evaluating Plaintiff's subjective symptoms, the ALJ discussed Plaintiff's course of treatment and examination findings and concluded that Plaintiff's psoriasis lesions improved significantly with treatment and was well controlled with medication, noting that by May 2020 Plaintiff's psoriasis only affected 5% of his body. R. 28–29. Additionally, the ALJ found that although Plaintiff complained of migraines and constant disabling pain in his neck, low back, hands, and joints, his pain has been conservatively managed with generally good results, noting that examinations have overall been within normal limits. *Id.*

In arguing that the ALJ's analysis of her subjective symptoms is patently wrong, Plaintiff asserts that despite significant improvement in his psoriasis lesions with treatment, he continued to suffer from disabling pain due to his psoriatic arthritis, degenerative joint and disc disease, and headaches. In support, Plaintiff relies on the same evidence already addressed above, which he again argues supports the disabling limitations in Dr. Kozlowski's opinion. However as detailed above, the ALJ reasonably discounted Dr. Kozlowski's opinion based on his review of the objective evidence.

Nevertheless, Plaintiff argues that the ALJ's "focus on a supposed lack of objective testing" was inappropriate because there are no objective tests that can diagnose or assess the severity of psoriatic arthritis or headaches. Pl.'s Mt. at 15, Dkt. 14. But as stated earlier, Plaintiff's diagnoses are not disputed. The ALJ specifically found that Plaintiff suffered from severe psoriatic spondyloarthritis and headaches and that those impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms. R. 24, 27. It is the extent of Plaintiff's alleged functional limitations that the ALJ did not fully credit based on examinations showing normal findings, including normal range of motion, full strength, no swelling, no deficits in his hands, and a normal gait. *See* 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence [ ] is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work."). As stated above, Plaintiff does not address the ALJ's evaluation of this evidence when weighing it against Plaintiff's allegations of constant disabling pain throughout his body. Moreover, the ALJ did not completely discredit Plaintiff's complaints, but instead specifically limited Plaintiff to light work with additional postural limitations in light of Plaintiff's reports of pain with range of motion. R. 29.

Plaintiff also does not address the ALJ's reliance on other evidence in the record that conflicted with Plaintiff's complaints. For example, despite Plaintiff's complaints that he had difficulty using his hands and even holding a pencil, the ALJ cited to Plaintiff's mother's third-party function report that stated Plaintiff plays computer games "daily" and did not note any issues with Plaintiff using his hands. R. 27 (citing R. 276–77). The ALJ also pointed to examination findings at Plaintiff's consultative examination and at rheumatology visits that showed no deficits in Plaintiff's hands. R. 28. Additionally, despite Plaintiff's allegations that he was unable to walk

without a cane, he reported to the consultative examiner that he could walk 200 feet unassisted and did not use an assistive device. R. 28 (citing R. 987).

Plaintiff also takes issue with the ALJ's characterization of his treatment as conservative. Plaintiff argues that because surgery was not available to treat his psoriatic arthritis or migraines, the ALJ's "reliance on her lay judgment regarding appropriate treatment for [Plaintiff] is reversible error." Pl.'s Mt. at 16, Dkt. 14. However, as a general matter, an ALJ is entitled to consider the nature and course of a claimant's treatment in assessing the severity of their symptoms. *See Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022) (citing 20 C.F.R. § 404.1529(c)(3)(v)); *see also* 20 C.F.R. § 416.929(c)(3)(iv), (v). That is precisely what the ALJ did here when he found that Plaintiff's pain and migraines were well managed with medications. The ALJ did not fault Plaintiff for failing to pursue surgery or some other more aggressive treatment as Plaintiff suggests.

Nevertheless, Plaintiff cites several cases from other circuits to argue that his use of tramadol, an opioid pain killer that was first prescribed in May 2020 for his neck and back pain, along with other medications for his psoriasis is not considered conservative treatment. *See* Pl.'s Mt. at 17, Dkt. 14. Yet, the Seventh Circuit has referred to such treatment as conservative. *See, e.g., Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009) (affirming adverse credibility finding based on claimant's "relatively conservative" treatment of various pain medications, including Vicodin and Percocet, several injections, and one physical therapy session); *see also Hohman v. Kijakazi*, 72 F.4th 248, 252 (7th Cir. 2023) (upholding ALJ's determination that the claimant's "course of treatment has been conservative," as "medications effectively alleviated her pain symptoms, and the record lacked evidence that she had sought more aggressive treatment").

Moreover, the ALJ's characterization of Plaintiff's treatment as being conservatively managed is not limited to his treatment for psoriasis and arthritis. The ALJ was also addressing Plaintiff's treatment for migraines. Plaintiff testified that his migraines were managed with medications, namely over-the-counter Excedrin and blood pressure medication, which were helpful. R. 27. However, he still needed to lie down when he had a migraine. But the ALJ did not fully credit the debilitating nature of Plaintiff's migraines because he also testified that his migraines have been of their current severity since 1999, yet he was able to work full-time for four years before the alleged onset date and has never seen a headache specialist. R. 27. These are valid reasons to discount Plaintiff's symptoms, which Plaintiff has not challenged.

That Plaintiff believes the ALJ should have weighed the factors differently when evaluating his subjective symptoms, without more, is not grounds for reversal. *See, e.g., Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("Jones must do more than point to a different conclusion that the ALJ could have reached to demonstrate that the credibility determination was patently wrong."). Accordingly, Plaintiff has not shown that the ALJ's subjective symptoms analysis as a whole is patently wrong, and thus, a remand is not warranted on this basis.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Date: January 8, 2025                                By:  *Margaret J. Schneider*
                                                          Margaret J. Schneider
                                                          United States Magistrate Judge

9